## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| **ALAN and KIMBERLY ANDERSON,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**THE KROGER, CO., and DOES 1-V,**<br><br>**Defendant.** | **MEMORANDUM DECISION & ORDER**<br><br>**Case No. 2:14-cv-00833**<br><br>**District Court Judge Robert J. Shelby**<br><br>**Magistrate Judge Dustin B. Pead** |

### I.        INTRODUCTION

This case was referred to Magistrate Judge Dustin B. Pead by District Court Judge Robert J. Shelby pursuant to 28 U.S.C. § 636(b)(1)(A) (Dkt. No. 24).  On February 11, 2015, Judge Shelby issued a Short Form Discovery Order outlining specific short form procedures to be followed in all discovery related disputes (Dkt No. 17).  Consistent with the short form procedure, the parties filed meet and confer certifications (Dkt. Nos 40, 44) indicating they were unable to resolve the pending discovery disputes.

### II.       DISCOVERY DISPUTE

On February 19, 2016, Defendant The Kroger Co. ("Kroger") provided Plaintiffs Alan and Kimberly Anderson (the "Andersons") with Notice that it had unilaterally scheduled a Rule 35(a) physical examination of Ms. Kimberly Anderson to be held on February 26, 2016, at 10:00 a.m. (Dkt. No. 32).  Thereafter, the parties agreed to put matters "on hold" pending resolution of a determination as to whether the parties would agree to engage in mediation (Dkt. 40).

Unable to reach an agreement as to mediation, the Andersons filed their pending motion for a protective order related to the Rule 35 examination arguing Kroger's February Examination

Notice lacks good cause, was filed after the close of fact discovery and fails to provide sufficient notice (Dkt. No. 43).  In response, Kroger argues it is within the  discretion of the court to allow Rule 35 examinations after discovery cutoff and the issue is moot since the February 26, 2016, examination date has expired (Dkt. No. 46).

### III.    ANALYSIS

Kroger argues the Andersons' motion for protective order should be denied as moot or premature since the February 26, 2016, Rule 35 examination date has passed and no new examination date has been requested.

A federal court "must resolve a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an option advising what the law would be upon a hypothetical state of facts."  *In Re: Special Grand Jury 89-2,* 450 F.3d 1156, (10th Cir. 2006)(*citing Preiser v Newkirk*, 422 U.S.395, 401 (1975)).

Here, Kroger acknowledges that the February Rule 35 Notice expired and indicates only that it "may" file a new request and motion for Rule 35 examination (Dkt. No. 46, p. 3).  The court interprets Kroger's statement as an admission that the current notice is no longer ripe and an indication that Kroger may choose *not* to proceed with a Rule 35 examination of Ms. Anderson.  As a result, any ruling the court issues, at this juncture, would be advisory in nature since absent a current notice of Rule 35 examination the controversy appears to be only a hypothetical.

For these reasons, the court **DENIES** the Andersons' motion for protective order without prejudice (Dkt. No. 43).

DATED this 7th day of April, 2016.

_____

Dustin Pead
U.S. Federal Magistrate Judge